```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PARK 80 HOTELS LLC and PL HOTELS LLC,            CIVIL ACTION
individually and on behalf of a class
of similarly situated entities

v.                                               NO. 21-974


HOLIDAY HOSPITALITY FRANCHISING, LLC and         SECTION F
SIX CONTINENTS HOTELS, INC. d/b/a
INTERCONTINENTAL HOTELS GROUP
```

ORDER AND REASONS

Before the court is a motion to transfer filed by Defendants. For the reasons that follow, the motion to transfer is GRANTED.

**Background**

This case is a putative class action filed by a hotel franchisee in Louisiana on behalf of all similarly situated franchisees in the state. The Defendants, whose brands include Holiday Inn, own roughly 5,600 hotels across more than 15 brands. Plaintiffs accuse Defendants of "unlawful, abusive, fraudulent, anticompetitive and unconscionable practices." Plaintiffs assert that Defendants charge unnecessary, repetitive, and arbitrary fees, that Defendants coerce franchisees into anti-competitive programs, and that Defendants discriminate against Asian-American franchisees, among other things. This lawsuit is one of at least six virtually identical lawsuits filed by franchisees across the

1

federal judiciary.  Similar motions to transfer have been filed in four of the five others, but no rulings have issued as yet.

The motion to transfer arises out of the franchise agreement's mandatory forum selection clause.  The clause reads:

> Licensee hereby expressly and irrevocably submits itself to the non-exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia for the purpose of any and all disputes. However, Licensor remains entitled to seek injunctive relief in the federal or state courts either of Georgia or of the state of the Hotel's location or of Licensor's principal place of business. Should Licensee initiate litigation against Licensor, its parents, subsidiaries or one of its affiliated entities, Licensee must bring action in the courts identified above; provided, however, the foregoing will not constitute a waiver of any of Licensee's rights under any applicable franchise law of the state in which the Hotel is located.

The essential dispute regarding this motion is as to what "the courts identified above" refers.  Defendants assert that it refers exclusively to the Georgia courts, and that this action must thus be transferred to the Northern District of Georgia.  Plaintiffs counter that it refers to the Georgia courts and "the federal or state courts … of the state of the Hotel's location."  The Court reviews.

## Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "The determination of 'convenience' turns on a

2

number of private and public interest factors, none of which are given dispositive weight." In re Volkswagen AG, 371 F.3d 201, 203 (5 Cir. 2004).

The private concerns that the Court must consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). The public concerns that the Court must consider are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." Id.

"The existence of a mandatory, enforceable [forum selection clause] dramatically alters this analysis. First, the plaintiff's choice of forum 'merits no weight'; instead he has the burden of establishing that § 1404(a) transfer or [*forum non conveniens*] dismissal is unwarranted." Weber v. PACT XPP Techs., AG, 811 F.3d 758, 767 (5 Cir. 2016). Additionally, the Court "should not consider the private-interest factors: Because the parties have contracted for a specific forum, they 'waive the right to challenge

3

their preselected forum as inconvenient.' … Instead, the court should consider only public-interest factors." Id. (citation omitted). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988), such cases will not be common." Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 64 (2013).

As there appears to be no dispute that Georgia law governs the interpretation of this contract,[1] Georgia's law on contract interpretation will govern the Court's review. Interpretation of contracts in Georgia proceeds as follows: "the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms … . [I]f the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity."

---

[1] Plaintiffs' opposition makes no reference to what state's law ought to govern the interpretation of the agreement, but the franchise agreement contains a clause which reads in part: "This License … shall be governed and construed under, and in accordance with, the laws and decisions … of the State of Georgia." As the Court has been presented with no evidence that this clause should not govern, it interprets the contract under Georgia law.

4

Langley v. MP Spring Lake, LLC, 307 Ga. 321, 323 (2019).  "'The cardinal rule of contract construction is to ascertain the intention of the parties.'  OCGA § 13-2-3. … When the terms of a contract are clear and unambiguous, the reviewing court looks only to the contract itself to determine the parties' intent." Unified Gov't of Athens-Clarke Co. v. Stiles Apts., 295 Ga. 829, 832 (2014).  Finally, "[i]t is axiomatic that contracts must be construed in their entirety and in a manner that permits all of the terms contained therein to be consistent with one another." Schwartz v. Schwartz, 275 Ga. 107, 108 (2002) (citing OCGA § 13-2-2(4)).

**Analysis**

The parties agree that the forum selection clause is valid and enforceable[2] and that it applies to this action.[3]  Their

---

[2] The "strong presumption" the Fifth Circuit affords in favor of enforcing forum-selection clauses "may be overcome by a clear showing that a forum-selection clause is 'unreasonable' under one of the following circumstances: (1) [T]he incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state." Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp., 884 F.3d 540, 543 (5 Cir. 2018) (citations omitted).  No party has suggested that any of these factors are herein present and the Court likewise sees none.

[3] By its terms, the forum selection clause applies to "any and all disputes between the parties."  Neither party has suggested any

5

disagreement centers on what the forum selection clause requires or allows. Defendants would have the Court construe the agreement to require any litigation filed by Plaintiffs into federal court be heard in the Northern District of Georgia. Plaintiffs would have the Court construe the agreement to require any litigation filed by Plaintiffs into federal court be heard in any federal court located in Georgia or the state of the Hotel's location, namely, Louisiana.

I.

As a threshold matter, the Court finds no exceptional circumstances suggesting that this is a case in which the forum selection clause should not govern. Forum selection clauses govern except in "truly extraordinary cases" where the public interest factors outweigh the forum selection clause. Weber, 811 F.3d at 776 (citing Atlantic Marine, 571 U.S. at 64). Notably, both parties contend that this case is not an "extraordinary case," albeit for different and conflicting reasons. The Court will consider each of the public interest factors in turn.

The first public interest factor is "the administrative difficulties flowing from court congestion." In re Volkswagen AG, 371 F.3d at 203. Nether party has identified any congestion in

---

reason that the clause would be invalid or inapplicable to this action, and the Court is not aware of any either.

this Court or the Northern District of Georgia such that transfer would or would not be appropriate. This factor is neutral.

The second factor is "the local interest in having localized interests decided at home." Id. "This factor … regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit." In re Apple Inc., 979 F.3d 1332, 1345 (5 Cir. 2020) (internal quotation and citations omitted). Defendants submit that this is not a localized case, as it challenges "standards and practices for a national franchise system of hotels." Plaintiffs respond that, as the complaint "asserts a putative state-specific class," it is a localized controversy here in Louisiana. Further, Plaintiffs submit that the hotel is located in this district and the events complained of occurred here. The balance of facts suggests that the case is more "at home" for purposes of this factor in this district rather than in Georgia, but not to such a degree that it would outweigh the valid forum selection clause.

The third factor is "the familiarity of the forum with the law that will govern the case." In re Volkswagen AG, 371 F.3d at 203. While the Court is familiar with and comfortable interpreting Georgia law, a Georgia-based court is likely to have greater familiarity with Georgia law. This factor thus leans in favor of

7

transfer, although again not with enough weight to outweigh the forum selection clause.

The fourth factor is "the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  In re Volkswagen AG, 371 F.3d at 203.  There appear to be no such problems in this case, and so this factor is neutral.

As the public interest factors are more or less neutral, this case is certainly not an "exceptional" case such that the forum selection clause should not govern.  The case then must turn on the interpretation of the forum selection clause.

II.

A.

A plain reading of the forum selection clause admits of two meanings.  The first two sentences are clear enough.  As applied to the parties in this case, the first sentence states that Plaintiffs submit themselves to the non-exclusive jurisdiction of the Northern District of Georgia for the purpose of "any and all disputes."  The second sentence states that Defendants remain entitled to seek injunctive relief in any court in Georgia or, as applied to these facts, Louisiana.  The third sentence is where the ambiguity begins.  It states that, should Plaintiffs initiate litigation against Defendants (as here), they must do so "in the courts identified above."  Defendants submit that the courts identified above can only be "the U.S. District Court for the

8

Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia," as no other courts are specifically named. Plaintiffs submit that the courts identified above must also include "the federal or state courts either of Georgia or of the state of the Hotel's location or of licensor's principal place of business." To identify something is to ascertain its identity; it is to specify what something is. The Court finds the term ambiguous in this contract. One credible reading is that the only courts identified are those actually named, as no other courts are given direct identification on the face of the clause. The other is that all courts referenced in the paragraph are therein identified, as their identity can be easily ascertained by contextual reading.

B.

As the contract is ambiguous, the Court "must apply the rules of contract construction to resolve the ambiguity." Langley, 307 Ga. At 323. Particularly relevant in this case is the "axiomatic" principle in Georgia law "that contracts must be construed in their entirety and in a manner that permits all of the terms contained therein to be consistent with one another." Schwartz, 275 Ga. at 108 (citing OCGA § 13-2-2(4)). In applying this rule of construction, the Court finds that the forum selection clause must be interpreted such that "the courts identified above" are only "the U.S. District Court for the Northern District of Georgia,

Atlanta Division and the State and Superior Courts of Dekalb County, Georgia."

First, the Court notes that the second sentence refers only to the rights and obligations of Licensor, that is, the Defendants. By its terms the sentence creates a carveout to a just-established rule – read straight through, the paragraph begins by establishing that "any and all disputes" may be heard in the Georgia court system; however Defendants retain the right to bring a limited type of action in other courts (including courts in the home states of the licensees).[4] This retention of rights would be pure surplusage if there were no restrictions on the courts in which actions should be filed. The third sentence returns to the rights and obligations of the Licensees if they, as here, file suit against the Licensor. Again, to read the contract as Plaintiffs would have the Court read it would be to render this sentence all but meaningless. It is hard to imagine a scenario in which Plaintiffs could find jurisdiction to sue Defendants in a court outside of the courts referenced in the second sentence. It would be unnecessary to specify where Plaintiffs can sue if the scope of

---

[4] The word "however" indicates a contrast to that which proceeds it. No such contrast would be necessary under Plaintiffs' interpretation. Georgia law states that "the rules of grammatical construction usually govern" when interpreting contracts. OCGA § 13-2-2(6).

courts in which they can sue is coterminous with the scope of courts in which they have jurisdiction.[5]

Plaintiffs assert that their interpretation of the contract has already been adopted by a court in the Northern District of Georgia. Not so. In <u>Holiday Hospitality Franchising, LLC v. J & W Lodging, LLC</u>, 2018 U.S. Dist. LEXIS 241239 (N.D. Ga. Feb. 8, 2018), the court considered whether a substantially similar forum selection clause between this case's Defendants and a different licensee was invalid as against the law of the state of Minnesota, in which that licensee was based. Minnesota franchise law states that a franchise may not be barred from suing in Minnesota. The Georgia court noted that the license agreement includes the following clause: "the foregoing will not constitute a waiver of any of Licensee's rights under any applicable franchise law of the state in which the Hotel is located." Thus, the Georgia court concluded that the forum selection clause "does not amount to a requirement that Defendants file suit in this District," as respect for Minnesota law is essentially written into the contract. <u>Holiday Hosp. Franchising</u>, 2018 U.S. Dist. LEXIS 241239 at *15

---

[5] In addition to construing the contract to avoid surplusage, the Court notes that Georgia law states that "the paramount rule in construing a contract is to ascertain the intention of the parties." <u>Schwartz</u>, 275 Ga. at 108. The intent of a forum selection clause is in part to limit the parties' options for fora when filing suit; to read this clause as Plaintiffs would read it would all but obviate that purpose. The Court does not believe that such a result is consistent with the parties' intent.

11

n.1. The Georgia court's conclusion was explicitly in the context of the non-waiver provision. If anything, that court's need to rely on the non-waiver provision for compliance with Minnesota franchise law only strengthens the interpretation advanced by Defendants.

While neither party briefed this issue as regards Louisiana, it appears that Louisiana law permits forum selection clauses which do not reserve a right to sue in Louisiana. See La. R.S. § 12:1042 ("Unless provisions of a business franchise agreement provide otherwise, … disputes arising under a business franchise agreement shall be resolved in a forum inside this state"). This non-waiver carveout therefore does not apply to Plaintiffs in this case. Moreover, the non-waiver provision would be unnecessary surplusage if the forum selection clause already provided for a franchisee's right to sue in its home state. As Georgia law requires that the Court, if possible, adopt an interpretation that gives meaning to all clauses in a contract, the Court adopts the interpretation advanced by Defendants.

***

In sum, as the forum selection clause is valid and enforceable, and as no "extraordinary circumstances" are present in this case, it must be given effect. The Court finds that the clause is ambiguous. As required by Georgia law, the Court adopts an interpretation that gives full meaning to all parts of the

clause.  Having done so, the Court finds that "the courts identified above" must be the named courts in the first sentence of the clause, that is, "the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia."

Accordingly, for the foregoing reasons, IT IS ORDERED: that Defendants' motion to transfer is GRANTED.  The action is hereby transferred to the Northern District of Georgia, Atlanta Division, in accordance with 28 U.S.C. §1404(a).

New Orleans, Louisiana, November 9, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE